**Barry J. CRONKHITE, Plaintiff,**

v.

**Jack KEMP, Secretary of the U.S. Department of Housing and Urban Development, Keith Green, Manager of Spokane Field Office of U.S. Department of Housing and Urban Development, Lomas Mortgage USA, Inc.; DCBL, Inc., successor trustee; Leslie Doughman, agent of DCBL, Inc.; Federal National Mortgage Association, beneficiary, Defendants.**

**No. C–89–765–JLQ.**

United States District Court, E.D. Washington.

Dec. 18, 1989.

Norman R. McNulty, Spokane Legal Services Center, Spokane, Wash., for plaintiff.

James R. Shively, Asst. U.S. Atty., Spokane, Wash., for defendants.

## ORDER GRANTING MOTION FOR PRELIMINARY INJUNCTION, AND ORDER DISMISSING LESLIE DOUGHMAN WITH PREJUDICE

QUACKENBUSH, Chief Judge.

BEFORE THE COURT are plaintiff's Motion for Order Granting Stay/Temporary Restraining Order/Preliminary Injunction (Ct.Rec. 3), and Motion for Shortening Time (Ct.Rec. 8). A hearing on said matter was held on December 18, 1989. Plaintiff was represented by Norman R. McNulty, Jr.; James Shively appeared on behalf of the federal defendants; John Riley appeared on behalf of defendant Lomas and Nettleton. Having reviewed the record, heard from counsel, and being fully advised in the premises, this Order is intended to memorialize the court's oral ruling in the hearing on this matter.

Plaintiff is a mortgagor under § 203 of the National Housing Act, a/k/a the "203 Program". The subject property, located at E. 2211 Boone, Spokane, WA, is secured by a Deed of Trust wherein Federal National Mortgage Association is the Beneficiary, and DCLB, Inc. is the successor Trustee. Lomas Mortgage USA, Inc. administers the Deed of Trust for FNMA.

The Deed of Trust is HUD insured under the 203 program. The monthly payments are approximately $230. Plaintiff admits that he is in default on the loan. However, he asserts that the HUD defendants have improperly refused to consider assignment of his mortgage under 12 U.S.C. § 1715u(b), a/k/a the "Assignment Program." The property is currently scheduled for trustee's sale on January 5, 1990. Plaintiff asserts that he will be irreparably harmed should the property be sold prior to a hearing on the merits of his claim.

HUD argues that plaintiff was given ample opportunity to avoid foreclosure, and that he was given sufficient information to make informed decisions. It contends that when plaintiff failed to make his January 1, 1989 payment Lomas sent him a HUD pamphlet containing information on steps to take to avoid foreclosure, including information about HUD-approved housing counseling agencies. (See Ct.Rec. 12, Ex. 4). Lomas then sent a letter on April 6, 1989 requesting financial information. On May 12, 1989 HUD sent plaintiff another form requesting financial information for participation in the assignment program, which plaintiff denies having received. This letter bore an erroneous zip code. HUD subsequently discovered that the letter did not inform plaintiff of the date by which he was to respond, therefore Laura Cole called plaintiff on May 31, 1989. She asserts that plaintiff admitted receiving her letter, but did not request assistance in completing the forms, or show any interest in the assignment program. Plaintiff asserts that he was confused and unsure who was calling or what was being requested of him. On June 8, 1989, having received no further response, HUD closed its file and informed Lomas that it could proceed with foreclosure. Plaintiff contends that he never received this letter either, which also contained an erroneous zip code.

Plaintiff alleges that he visited the HUD office in Spokane in August, 1989, and that during that visit he requested information regarding reinstatement of his mortgage. He asserts that no one informed him that the agency might proceed with assignment,

rather than foreclosure, if he provided additional financial information. In addition, he asserts that at no time did HUD's Spokane office offer any counseling to him or recommend that he contact a legal services office for free legal representation. He asserts that he is not well-educated and that his physical and mental problems make it difficult for him to handle his mortgage problems without counseling.

On October 25, 1989 plaintiff wrote HUD asking that it find good cause for his failure to provide timely financial information, and asking that it reconsider him for the Assignment Program. On October 30, 1989 HUD refused to re-open the assignment request. On November 27, 1989 plaintiff requested reconsideration. HUD orally denied reconsideration on November 29, 1989.

Plaintiff asserts that, although at present he is disabled and is receiving state disability benefits of $314 per month and $87 per month in food stamps benefits, he anticipates being able to return to work in the near future, once his physical situation improves. He is 32 years old, single, and has a high school education. His principal work experience has been as a furniture mover. He has been unable to do that work since August, 1988. It appears that he is suffering from an inguinal hernia for which an operation is proposed. During the spring and summer of 1989 he alleges that he was suffering great pain and was "spaced out" from prescribed pain medications. He made his mortgage payments until January, 1989 by selling personal possessions. He asserts that, should he be granted a period of reduced or suspended payments for not more than 36 months, he would then be able to resume full mortgage payments.

Plaintiff alleges that his home has a fair market value of $29,000, although the most recent valuation of it, done in June 1985 by the County Assessor, is $22,800. He alleges that his equity in it is approximately $10,000, due in part to considerable remod-

eling he has done to the house in an effort to improve it.[1]

Plaintiff's complaint asks that the court stay the Trustee's Sale of his residence *pendente lite*, that it declare unlawful the federal defendants' refusal to process his mortgage for the Assignment Program, and that it award him attorney's fees and costs. He asserts that the decision not to process him for the Assignment Program was a final administrative decision subject to review by this court.

## ANALYSIS

The party seeking a preliminary injunction in the Ninth Circuit bears the burden of fulfilling one of two standards. Under the "traditional" standard, a court may issue preliminary relief if it finds that (1) the moving party will suffer irreparable injury if the relief is denied; (2) the moving party will probably prevail on the merits; (3) the balance of potential harm favors the moving party; and (4) the public interest favors granting relief. *Cassim v. Bowen*, 824 F.2d 791, 795 (9th Cir.1987). Under the "alternative" standard, the moving party may meet its burden by demonstrating either (1) a combination of probable success and the possibility of irreparable injury, or (2) that serious questions are raised and the balance of hardships tips sharply in its favor. *Id.*

Although two tests are recognized, they are not totally distinct tests. Rather, they are "extremes of a single continuum." *Wilson v. Watt*, 703 F.2d 395, 399 (9th Cir.1983). The critical element is the relative hardship to the parties. If the balance of hardships tips decidedly toward the plaintiff, less likelihood of success on the merits is required. *Id.* In such an event the plaintiff need not show as robust a likelihood of success on the merits; however, no chance of success at all will not suffice. "The irreducible minimum has been described by one court as a fair chance of success on the merits, while another court has said that the question must

---

**1.** Plaintiff asserts that his remodeling includes such diverse improvements as new flooring, interior and exterior painting, new plumbing fix- tures, re-wiring, wallpapering, insulation, thermal doors, a redwood deck with a hot tub, fruit trees and landscaping.

be serious enough to require litigation. The difference between the two formulations is insignificant. Therefore, we accept either as satisfactory." *Benda v. Grand Lodge of Intern. Ass'n.*, 584 F.2d 308, 315 (9th Cir.), *cert dismissed*, 441 U.S. 937, 99 S.Ct. 2065, 60 L.Ed.2d 667 (1979).

■ Plaintiff asserts, and this court agrees, that he has satisfied either test. As evidence of irreparable injury, plaintiff calls the court's attention to the January 5 Trustee's foreclosure sale. Under non-judicial Deed of Trust foreclosures, there is no redemption period, therefore if the sale proceeds on January 5 plaintiff will lose his home and his equity in it. In that event his appeal of the administrative decision not to consider him for the assignment program would be moot.

HUD responds that, in its view, the $314 per month which plaintiff receives in disability income is sufficient to provide him with alternative housing in the event his home is sold, and therefore he will not be irreparably harmed. HUD takes the position that plaintiff has the burden of showing that he lacks family or friends to help him out financially. Balanced against this asserted lack of hardship, HUD argues that it would suffer significant damage if the injunction is granted because it would incur additional costs in accepting assignment, if plaintiff succeeds on the merits, or new foreclosure costs and interest accrual if he fails on the merits. HUD disregards entirely the issue of lost equity. This court finds that any hardship which will be suffered by defendants due to a 120 day continuance of the trustee's sale is minimal, whereas the hardship which would be incurred by plaintiff if the sale were to occur on January 5, 1990 would be both substantial and irreparable.

■ With regard to the second element, the likelihood of success on the merits, this court finds that there is sufficient evidence in the record to address the merits at this time. Plaintiff contends that the Secretary's decision that he failed to provide requested information in a timely manner, and that he failed to show good cause for waiving the time requirements, was an abuse of discretion, particularly in light of his illness, the repeated erroneous zip code mailings, and HUD's failure to provide counseling to Spokane area borrowers between October 1988 and October 1989. HUD responds that it found "good cause" for extending the response time by 7 days when it discovered that its May 12 letter did not contain a response date, and that that was sufficient under the circumstances. Accordingly, it asserts that plaintiff has no chance of success on the merits.

12 U.S.C. § 1715u provides that when a residence insured under 17 U.S.C. § 1701 et seq. is in default the Secretary may make all or part of the monthly payments directly to the lender on the mortgagor/borrower's behalf in order to avoid foreclosure, if the default was caused by circumstances beyond the borrower's control, such circumstances rendered the borrower temporarily unable to correct the delinquency, and the Secretary finds that there is a reasonable prospect that the borrower will be able to resume full payments within a maximum of 36 months. 12 U.S.C. § 1715u(a). However, if the Secretary determines that the assistance provisions of subsection (a) are inappropriate, the Secretary shall, if necessary to avoid foreclosure, acquire the mortgage and its security, and may then provide assistance to the mortgagor by foregoing interest or principal or both for not more than 36 months. 12 U.S.C. § 1715u(b). Subsection (b), known as the Assignment Program, likewise requires that the Secretary find a reasonable prospect that the mortgagor will be able to resume full payments. In addition, HUD regulations, contained at 24 C.F.R. § 203.640(a), provide that HUD will accept assignment of a mortgage if the default was caused by circumstances beyond the mortgagor's control, and there is a reasonable prospect that the mortgagor will be able to resume payment after the period of reduced or suspended payments.

24 C.F.R. § 203.652(b) requires that a mortgagor provide requested information to HUD within 15 days after the date of a HUD request. Failure to timely comply results in the loss of the right for further

consideration of the requested relief, unless the mortgagor demonstrates good cause for having missed the time deadline. 24 C.F.R. § 203.656(b). Plaintiff alleges that he completed the financial information form sent him by Lomas on April 6, 1989, and sent it to Lomas. Lomas denies having received it. He does not deny that he did not timely submit other requested information, although he alleges that he did not receive all correspondence. Plaintiff contends that his illness, pain caused by the hernia, and confusion caused by pain medication, as well as misaddressed HUD and Lomas correspondence to him, coupled with HUD's failure to provide counseling assistance in the Spokane area during the relevant time period of his delinquency, constitute sufficient good cause to have warranted a waiver of the time requirements for filing financial information relative to requests for assignment, and that by failing to find such good cause the Secretary abused his discretion. He points out that HUD's own handbook identifies misaddressed notices as constituting such good cause. Administration of the Home Mortgage Assignment Programs 4330.2, ¶ 4–3.b.

The Administrative Procedure Act, 5 U.S.C. §§ 701 *et seq.* (APA), provides that final agency action shall be held unlawful and shall be set aside if it is "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law," or if it was taken "without observance of procedure required by law." 5 U.S.C. § 706(2)(A) & (D). In *Citizens to Preserve Overton Park v. Volpe,* 401 U.S. 402, 416, 91 S.Ct. 814, 823, 28 L.Ed.2d 136 (1971), the Supreme Court instructed courts to consider whether an agency's decision was "based on a consideration of the relevant factors and whether there has been a clear error of judgment." The court's inquiry should be "searching and careful," although the reviewing court is not empowered to substitute its judgment for that of the agency. The agency "must articulate a satisfactory explanation for its action, including a 'rational connection between the facts found and the choice made'." *Sierra Pacific Industries v. Lyng,* 866 F.2d 1099, 1105 (9th Cir.1989). A failure to consider

and implement alternatives which would enable the agency to follow and implement the policies of the National Housing Act constitutes an abuse of discretion. *Russell v. Landrieu,* 621 F.2d 1037, 1041–42 (9th Cir.1989).

In *Leason v. Rosart,* 811 F.2d 1322, 1325 (9th Cir.1987), the Court of Appeals held that the use of an improper zip code could rebut the inference of receipt arising from proof of mailing. However, in such instances the trial court should weigh the denial of receipt against the inference arising from proof of mailing to determine whether or not a letter was received. In the instant case plaintiff denies having received HUD's May 12, 1989 letter requesting additional information, which letter bore an erroneous zip code. In addition, he alleges that, even had he received the letter, it bore no date by which he was to return the completed forms, thereby allegedly constituting insufficient notice. HUD contends that he admitted having received the letter when he spoke with Ms. Cole on May 31, 1989. Under the circumstances of this case this court finds it unnecessary to resolve this credibility question, given the lack of effective counseling to assist plaintiff in complying with HUD's requests for information.

12 U.S.C. § 1715u(d) provides that "The Secretary shall provide homeownership counseling to persons assisted under this section." In addition, the HUD Manual 4330.2, Chapter 7, expresses HUD's recognition of the importance of HUD-approved counseling from the beginning stages of a delinquency through acceptance of the assignment and the assignment's period. Defendants concede that there was no independent agency providing homeowner's counseling services in the Spokane area for the year prior to October, 1989. Plaintiff asserts that HUD's failure to have a counseling program in operation resulted in a denial of assistance, which, due to his illness rendered him unable to understand his jeopardy or the availability of assignment as a possible method of avoiding foreclosure. He contends that HUD thereby abused its discretion by failing to follow

and implement the policies of the National Housing Act.

HUD asserts that the availability of mortgage counseling is not an issue, since plaintiff did not request such counseling. It justifies its actions by asserting that plaintiff repeatedly expressed his desire to sell his truck and apply the proceeds to bringing his mortgage current, and that he did not express an interest in the assignment program. However, it does not appear that anyone ever took the time to explain to plaintiff what the assignment program is about or precisely what he needed to do to take advantage of it. The need for such counseling is precisely why counseling services are mandated by 12 U.S.C. § 1715u(d). HUD also asserts that, although there was no outside counseling agency providing services, the local HUD office provided such counseling during that one year interim. However, the effectiveness of that service is called into question by HUD agent Laura Cole's admission that she did not question plaintiff's intent to reinstate his mortgage, therefore she did not offer counseling regarding assignment.

This court finds that plaintiff has raised serious questions regarding HUD's decision to not consider the merits of assignment due to plaintiff's failure to timely submit financial information. In the instant case the agency relied upon a procedural technicality to avoid addressing the merits of plaintiff's qualifications for the program. In light of the lack of effective counseling to assist plaintiff in complying with the threshold requirements for consideration of entitlement, and the failure of the written notice to contain a response date, this court finds that the federal defendants abused their discretion by refusing to find good cause for extending the time for filing the appropriate financial forms.

■ Defendants assert that RCW 61.24 requires that as a condition of granting a restraining order or injunction, plaintiff must pay into the court's registry the monthly mortgage payments. RCW 61.24.- 130 provides:

The Court shall require as a condition of granting the restraining order or injunction that the applicant pay to the Clerk of the Court sums that would be due on the obligation secured by the deed of trust if the deed of trust was not being foreclosed.

It therefore asserts that plaintiff must pay into the court's registry $231 per month, principal, interest and reserves. In addition, defendants ask that the court require plaintiff to post a bond to protect them against the additional potential loss should they prevail, but be unable to recover enough at the trustee's sale to recompense them fully for the continued delay. RCW 61.24.130(1)(b). HUD asks that the court impose a $10,000 bond. Lomas asks for a $5,000 bond.

In light of the circumstances of this case this court finds that imposition of a bond, or an order that plaintiff pay into the court's registry the full amount of the monthly mortgage payments, would effectively deprive plaintiff of the opportunity to bring before HUD the merits of his petition for acceptance into the assignment program, thereby rendering this court's decision an empty gesture. Accordingly,

IT IS HEREBY ORDERED:

1. Plaintiff's Motion for Preliminary Injunction IS HEREBY GRANTED. The Trustee's sale of the subject property shall be continued for 120 days from January 5, 1990, or until HUD renders a decision on the merits of plaintiff's petition for acceptance into the assignment program, whichever occurs first. The stay of foreclosure is conditioned upon plaintiff paying $75.00 per month into the registry of the court. If plaintiff is re-employed he shall resume making full monthly mortgage payments into the registry of the court. The stay of foreclosure is also conditioned upon plaintiff timely filing the required financial forms.

2. Defendant's request for imposition of a bond IS HEREBY DENIED.

3. Plaintiff's Motion for Shortening Time (Ct. Rec. 8) IS HEREBY GRANTED.

4. Based upon plaintiff's request, the complaint, and the claims contained there-

in, against defendant Leslie Doughman, IS HEREBY DISMISSED WITH PREJUDICE.

IT IS SO ORDERED.